Erin E. Bradham (AZ Bar No. 02287)
DENTONS US LLP
2398 E. Camelback Road, Suite 850
Phoenix, Arizona 85016
(602) 508-3900
erin.bradham@dentons.com

Victor Johnson (pro hac vice to be filed)
James Tuck (pro hac vice to be filed)
Joel Bock (pro hac vice to be filed)
DENTONS US LLP
2000 McKinney Ave., Suite 1900
Dallas, Texas 75201
(214) 259-0900
*victor.johnson@dentons.com*
*james.tuck@dentons.com*
*joel.bock@dentons.com*

*Attorneys for Duration Media LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

**Rich Media Club LLC,**

***Plaintiff,***

**v.**

**Duration Media LLC,**

***Defendants*.**

**Case No. 2:23-cv-01967-SPL**

**DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

## ANSWER TO COMPLAINT

Defendant Duration Media LLC ("Duration" or "Defendant") hereby answers the numbered paragraphs of the Complaint ("Complaint") filed by Plaintiff Rich Media Club LLC ("RMC" or "Plaintiff") as set forth below. Any allegation in the Complaint that is not expressly admitted below is denied.

The content of the first unnumbered paragraph in the Complaint contains no allegations that require a response. To the extent any response is required, Defendant denies them.

## THE PARTIES

1. Answering Paragraph 1, Duration is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

2. Answering Paragraph 2, Duration admits that it is a limited liability company organized under the laws of the State of Delaware with a principal place of business in New York, New York. To the extent any response is required for any remaining allegations, Defendant denies them.

## JURISDICTION AND VENUE

3. Answering Paragraph 3, Defendant denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Defendant admits that this case purports to be a civil action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1, et seq., and more particularly 35 U.S.C. § 271.

4. Answering Paragraph 4, Defendant denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Defendant admits that this Court has jurisdiction over the subject matter of the patent infringement action under 28 U.S.C. §§ 1331 and 1338(a).

5. Answering Paragraph 5, Defendant denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Defendant admits it is subject to this Court's jurisdiction.

6. Answering Paragraph 6, Defendant denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Defendant admits venue is proper in this District under 28 U.S.C. § 1400(b).

## BACKGROUND FACTS

### Online Advertising and RMC's Technology

7. Answering Paragraph 7, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

8. Answering Paragraph 8, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

9. Answering Paragraph 9, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

10. Answering Paragraph 10, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

11. Answering Paragraph 11, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

12. Answering Paragraph 12, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

13. Answering Paragraph 13, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

14. Paragraph 14 calls for a legal conclusion. Defendant admits that a purported copy of U.S. Patent No. 11,741,482 ("the '482 Patent") is attached to the Complaint. To the extent that further response is required, Defendant denies the allegations in Paragraph 14.

15. Answering Paragraph 15, Defendant asserts that the document speaks for itself. To the extent further response is required, Defendant denies the allegations of Paragraph 15.

16. Answering Paragraph 16, Defendant asserts that the document speaks for itself. To the extent further response is required, Defendant denies the allegations of Paragraph 16..

17. Paragraph 17 calls for a legal conclusion. To the extent that a response is required, Defendant denies the allegations in Paragraph 17.

18. Answering Paragraph 18, Defendant asserts that the document speaks for itself. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies them.

19. Answering Paragraph 19, Defendant asserts that the document speaks for itself. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies them.

20. Answering Paragraph 20, Defendant asserts that the document speaks for itself. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies them.

21. Paragraph 21 calls for a legal conclusion. To the extent that a response is required, Defendant denies the allegations in Paragraph 21.

22. Paragraph 22 calls for a legal conclusion. To the extent that a response is required, Defendant denies the allegations in Paragraph 22.

23. Paragraph 23 calls for a legal conclusion. To the extent that a response is required, Defendant denies the allegations in Paragraph 23.

24. Paragraph 24 calls for a legal conclusion. To the extent that a response is required, Defendant denies the allegations in Paragraph 24.

25. Paragraph 25 calls for a legal conclusion. To the extent that a response is required, Defendant denies the allegations in Paragraph 25.

26. Paragraph 26 calls for a legal conclusion. To the extent that a response is required, Defendant denies the allegations in Paragraph 26.

27. Paragraph 27 calls for a legal conclusion. To the extent that a response is required, Defendant denies the allegations in Paragraph 27.

28. Answering Paragraph 28, Defendant admits that a purported copy of *Ex Parte Brade Krassner* is attached to the Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies them.

29. Answering Paragraph 29, Defendant asserts that the document speaks for itself. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies them.

30. Answering Paragraph 30, Defendant admits that a purported copy of the Notice of Allowance for U.S. Patent No. 10,380,597 is attached to the Complaint, which Defendant asserts speaks for itself. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies them.

31. Answering Paragraph 31, Defendant asserts that the document speaks for itself. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies them.

32. Answering Paragraph 32, Defendant asserts that the document speaks for itself. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies them.

33. Answering Paragraph 33, Defendant asserts that the document speaks for itself. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies them.

34. Answering Paragraph 34, Defendant admits that a purported copy of the Notice of Allowance of the ‘482 Patent is attached to the Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies them.

35. Answering Paragraph 35, Defendant admits that a purported copy of a blog post from a Mr. David Cohen is attached to the Complaint, which Defendant asserts speaks for itself. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies them.

36. Answering Paragraph 36, Defendant asserts that the Federal Circuit’s statements in *Cellspin Soft, Inc. v. Fitbit, Inc.*, 927 F.3d 1306, 1319 (Fed. Cir. 2019) speak for themselves. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies them.

**COUNT I: [ALLEGED] INFRINGEMENT OF**

**U.S. PATENT NO. 11,741,482**

37. In response to Paragraph 37 of the Complaint, Defendant incorporates by reference each of their responses set forth in Paragraphs 1-36 above as if fully set forth herein.

38. Defendant denies the allegations in Paragraph 38 of the Complaint.

39. Defendant denies the allegations in Paragraph 39 of the Complaint.

40. Defendant denies that Plaintiff has been harmed; denies that Plaintiff is entitled to any relief on any of its asserted claims; and denies the allegations in Paragraph 40 of the Complaint.

41. Defendant denies that Plaintiff has been harmed; denies that Plaintiff is entitled to any relief on any of its asserted claims; and denies the allegations in Paragraph 41 of the Complaint.

42. Defendant denies that Plaintiff has been harmed; denies that Plaintiff is entitled to any relief on any of its asserted claims; and denies the allegations in Paragraph 42 of the Complaint.

**[PLAINTIFF'S] JURY DEMAND**

Defendant admits that Plaintiff requests a trial by jury. The content of the paragraph concerning Plaintiff's jury demand contains no allegations that require a response. To the extent any response is required, Defendant denies them.

**[PLAINTIFF'S] REQUEST FOR RELIEF**

To the extent that a response is required to Plaintiff's request for relief, Defendant denies that Plaintiff is entitled to any judgment against Defendant and/or an order granting relief in any of the forms requests in parts (A)-(F).

**DURATION'S AFFIRMATIVE DEFENSES**

In addition to answering the Complaint, Defendant asserts the following affirmative defenses. Defendant reserves the right to amend this Answer to add additional affirmative defenses as further information is obtained.

**First Defense**

Defendant has not infringed and does not infringe, under any theory of infringement, including literally or under the doctrine of equivalents, directly (whether individually or jointly), or indirectly (whether contributorily or by inducement), any valid, enforceable claim of the '482 Patent.

**Second Defense**

Each asserted claim of the '482 Patent is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and law pertaining thereto.

**Third Defense**

To the extent that Plaintiff and any predecessors in interest to the '482 Patent failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that Defendant's actions allegedly infringe the '482 Patent, Defendant is not liable to Plaintiff for the acts alleged to have been performed before Defendant received actual notice that it was allegedly infringing the '482 Patent.

**Fourth Defense**

To the extent that Plaintiff asserts that Defendant indirectly infringes, either by contributory infringement or inducement of infringement, Defendant is not liable to Plaintiff for the acts alleged to have been performed before Defendant knew that their actions would cause indirect infringement.

**Fifth Defense**

Plaintiff's Complaint fails to state a claim upon which relief can be granted because the claims of the '482 Patent do not claim patent eligible subject matter under 35 U.S.C. § 101.

**Sixth Defense**

Plaintiff's Complaint fails to state a claim of direct infringement because, among other things, Plaintiff has not stated a plausible allegation that any of the '482 Patent's methods or systems are

employed or are processes practiced by Defendants, including but not limited to:

a) wherein the ad content display page includes:

i. a predefined area configured to display advertisement content, the predefined area being a portion of the ad content display page, and

ii. page content displayed in other portions of the ad content display page, the page content being separate from the advertisement content, the ad content display page being scrollable to allow a portion of the ad content display page to appear in a visible area of a browser window of a browser that is configured to be operated by a remote computing device;

b) determining whether a predefined portion of the predefined area of the ad content display page is in the visible area of the browser window;

c) in response to a determination that the predefined portion of the predefined area of the ad content display page is in the visible area of the browser window, causing a communication to be sent from the remote computing device to one or more dispatcher servers, wherein the one or more dispatcher servers are configured to:

i. receive the communication, and

ii. cause advertisement content to be served to the remote computing device;

d) wherein the browser is configured to render the advertisement content in the predefined area of the ad content display page; and

e) wherein the advertisement content first appears in the predefined area of the ad content display page only after the one or more dispatcher servers serve the advertisement content to the remote computing device and the browser renders the advertisement content in the predefined area of the ad content display page as required by at least Claim 1 of the ‘482 Patent.

**Seventh Defense**

To the extent that Plaintiff asserts that Defendant infringes under a theory of joint infringement, Defendant is not liable to Plaintiff. Defendant does not provide or perform each element of any claim of the ‘482 Patent, and any actions of third parties accused by Plaintiff are not attributable to Defendant.

**Eighth Defense**

Plaintiff is precluded from recovering its reasonable attorney's fees, costs, and/or increased damages under 35 U.S.C. §§ 284 or 285.

**Ninth Defense**

Plaintiff is not entitled to injunctive relief as it has, at a minimum, no irreparable injury and an adequate remedy at law for the alleged infringement.

**Tenth Defense**

Plaintiff is estopped, based on statements, representations, and admissions made during prosecution of the patent application resulting in the '482 Patent and/or applications related thereto, from asserting any interpretations of any valid enforceable claims of the '482 Patent that would be broad enough to cover any activity of Defendant, either literally or by application of the doctrine of equivalents.

**DEFENDANT'S COUNTERCLAIMS**

For its counterclaims against Plaintiff/Counter Defendant Rich Media Club LLC ("RMC" or "Counter Defendant"), Counterclaim Plaintiff Duration Media LLC ("Duration" or "Counter Plaintiff") alleges as follows:

**PARTIES**

101. Counterclaim Plaintiff is a limited liability company organized under the laws of the State of Delaware.

102. Upon information and belief based solely on Paragraph 1 of the Complaint as pleaded by Counter Defendant, Counter Defendant is a limited liability company organized under the laws of the State of Florida with a place of business in Salt Lake City, Utah. Upon information and belief, Counter Defendant's place of business is located at 1590 East Hanover Drive, Salt Lake City, Utah 84103.

**JURISDICTION AND VENUE**

103. Counter Plaintiff incorporates by reference paragraphs 1-2 above.

104. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 et seq., and 28 U.S.C. §§ 1331, 1332, 1338, 1367, and 2201-02.

105. Counter Defendant has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this district, as set forth in its Complaint.

106. Based solely on the filing of this action, venue is proper, though not necessarily convenient, in this district pursuant to at least 28 U.S.C. § 1391.

**COUNT I: DECLARATION REGARDING**

**NON-INFRINGEMENT OF U.S. PAT. NO. 11,741,482**

107. Counter Plaintiff incorporates by reference paragraphs 101-106 above.

108. Based on the filing of this action and at least Counter Plaintiff's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether Counter Plaintiff infringes U.S. Patent No. 11,741,482 (the "'482 Patent").

109. Counter Plaintiff does not infringe at least Claim 1 of the '482 Patent because, *inter alia*, the accused system or method does not include:

a) wherein the ad content display page includes:

i. a predefined area configured to display advertisement content, the predefined area being a portion of the ad content display page, and

ii. page content displayed in other portions of the ad content display page, the page content being separate from the advertisement content, the ad content display page being scrollable to allow a portion of the ad content display page to appear in a visible area of a browser window of a browser that is configured to be operated by a remote computing device;

b) determining whether a predefined portion of the predefined area of the ad content display page is in the visible area of the browser window;

c) in response to a determination that the predefined portion of the predefined area of the ad content display page is in the visible area of the browser window, causing a communication to be sent from the remote computing device to one or more dispatcher servers, wherein the one or more dispatcher servers are configured to:

i. receive the communication, and

ii. cause advertisement content to be served to the remote computing device;

d) wherein the browser is configured to render the advertisement content in the predefined area of the ad content display page; and

e) wherein the advertisement content first appears in the predefined area of the ad content display page only after the one or more dispatcher servers serve the advertisement content to the remote computing device and the browser renders the advertisement content in the predefined area of the ad content display page.

110. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counter Plaintiff requests a declaration by the Court that Counter Plaintiff has not infringed and does not infringe any claim of the '482 Patent under any theory of infringement, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

**<u>COUNT II: DECLARATION REGARDING INVALIDITY OF U.S. PAT. NO. 11,741,482</u>**

111. Counter Plaintiff incorporates by reference paragraphs 101-110 above.

112. Based on the filing of this action and at least Counter Plaintiff's second affirmative defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '482 Patent.

113. The claims of the '482 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto. More specifically, the claims are anticipated and/or rendered obvious by, *inter alia*, U.S. Patent or Pub. Nos. US10380602 (US2007/0265923), US7725502, and US2008/0221982. Counter Plaintiff reserves the right to assert

additional prior art and/or other invalidity defenses against the '482 Patent in accordance with the Court's Local Rules or as otherwise allowed by the Federal Rules of Civil Procedure.

114. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counter Plaintiff requests a declaration by the Court that claims of the '482 Patent are invalid for failure to comply with one or more requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## **JURY DEMAND**

Duration Media LLC hereby demands trial by jury on all issues in these Counterclaims.

## **PRAYER FOR RELIEF**

WHEREFORE, Duration Media LLC asks this Court to enter judgment in Counter Plaintiff's favor and against Counter Defendant by granting the following relief:

a) a declaration that Counter Plaintiff does not infringe, under any theory, any valid claim of the '482 Patent that may be enforceable;

b) a declaration that the '482 Patent is invalid;

c) a declaration that Counter Defendant take nothing by its Complaint;

d) judgment against Counter Defendant and in favor of Counter Plaintiff;

e) dismissal of the Complaint with prejudice;

f) a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Counter Plaintiff of its costs and attorneys' fees incurred in this action; and

g) further relief as the Court may deem just and proper.

Dated: October 11, 2023

Respectfully submitted,

**DENTONS US LLP**

*/s/ Erin E. Bradham*

Erin E. Bradham (AZ Bar No. 02287)
2398 E. Camelback Road, Suite 850
Phoenix, Arizona 85016
(602) 508-3900
erin.bradham@dentons.com

Victor C. Johnson (pro hac vice to be filed)
James Tuck (pro hac vice to be filed)
Joel Bock (pro hac vice to be filed)
2000 McKinney Avenue, Suite 1900
Dallas, TX 75201-1858
Phone: (214) 259-0900
*victor.johnson@dentons.com*
*james.tuck@dentons.com*

*Attorneys for Defendants*