David Berten (*pro hac vice* application granted)
Alison A. Richards (*pro hac vice* application granted)
Hannah Sadler (*pro hac vice* application granted)
GLOBAL IP LAW GROUP, LLC
55 West Monroe Street, Suite 3400
Chicago, IL 60603
312-241-1500
dberten@giplg.com
arichards@giplg.com
hsadler@giplg.com

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Rich Media Club LLC, a Florida Limited Liability Company,<br><br>Plaintiff,<br>vs.<br><br>Duration Media LLC, a Delaware corporation headquartered in Arizona,<br><br>Defendant. | Case No. 2:23-cv-01967-SPL<br><br>**PLAINTIFF RICH MEDIA CLUB LLC'S ANSWERS TO DEFENDANT'S FIRST AMENDED COUNTERCLAIMS** |

Plaintiff Rich Media Club LLC ("RMC") submits the following response to the Counterclaims of Defendant Duration Media LLC Dkt. No. 17.

**<u>The Parties</u>**

101. Counterclaim Plaintiff is a limited liability company organized under the laws of the State of Delaware.

**<u>Response</u>**: Admitted.

102. Upon information and belief based solely on Paragraph 1 of the Complaint as pleaded by Counter Defendant, Counter Defendant is a limited liability company organized under the laws of the State of Florida with a place of business in Salt Lake City, Utah. Upon information

and belief, Counter Defendant's place of business is located at 1590 East Hanover Drive, Salt Lake City, Utah 84103.

**Response**: Admitted.

**Jurisdiction and Venue**

103. Counter Plaintiff incorporates by reference paragraphs 1-2 [sic] above.

**Response**: Denied because there are no paragraphs 1-2 above. If Duration meant paragraphs 101-102 above, Counterclaim defendant incorporates its responses to paragraphs 101-102 above. Otherwise denied.

104. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 et seq., and 28 U.S.C. §§ 1331, 1332, 1338, 1367, and 2201-02.

**Response**: Admitted that jurisdiction is proper.

105. Counter Defendant has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this district, as set forth in its Complaint.

**Response**: Admitted that Counterclaim defendant consents to the jurisdiction of this Court solely for resolution of this patent dispute. Otherwise denied.

106. Based solely on the filing of this action, venue is proper, though not necessarily convenient, in this district pursuant to at least 28 U.S.C. § 1391.

**Response**: Admitted that venue is proper. Otherwise denied.

**COUNT I: DECLARATION REGARDING**

**NON-INFRINGEMENT OF U.S. PAT. NO. 11,741,482**

107. Counter Plaintiff incorporates by reference paragraphs 101-106 above.

**Response:** Counterclaim defendant incorporates its responses to paragraphs 101-106 above. Otherwise denied.

108. Based on the filing of this action and at least Counter Plaintiff's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether Counter Plaintiff infringes U.S. Patent No. 11,741,482 (the "'482 Patent").

**Response**: Admitted that Duration contests infringement. Otherwise denied.

109. Counter Plaintiff does not infringe at least Claim 1 of the '482 Patent because, inter alia, the accused systems or methods—i.e., Counter Plaintiff's Viewability as a Service ("VaaS") and its Highly Viewable Ad Exchange ("HVAX") products and services—do not include one or more of the following claim limitations:

(a) wherein the ad content display page includes:

i. a predefined area configured to display advertisement content, the predefined area being a portion of the ad content display page, and

ii. page content displayed in other portions of the ad content display page, the page content being separate from the advertisement content, the ad content display page being scrollable to allow a portion of the ad content display page to appear in a visible area of a browser window of a browser that is configured to be operated by a remote computing device;

(b) determining whether a predefined portion of the predefined area of the ad content display page is in the visible area of the browser window;

(c) in response to a determination that the predefined portion of the predefined area of the ad content display page is in the visible area of the browser window, causing a communication to be sent from the

remote computing device to one or more dispatcher servers, wherein the one or more dispatcher servers are configured to:

i. receive the communication, and

ii. cause advertisement content to be served to the remote computing device;

(d) wherein the browser is configured to render the advertisement content in the predefined area of the ad content display page; and

(e) wherein the advertisement content first appears in the predefined area of the ad content display page only after the one or more dispatcher servers serve the advertisement content to the remote computing device and the browser renders the advertisement content in the predefined area of the ad content display page.

**Response:** Denied.

110. For example, Counter Plaintiff's Accused Products—i.e., the VaaS and HVAX services—do not include the element of "determining whether a predefined portion of the predefined area of the ad content display page is in the visible area of the browser window" as it is defined in the '482 Patent's specification. (See Dkt. 001-8, at 41:23-59:43).

**Response:** Denied.

111. Counter Plaintiff's Accused Products—i.e., the VaaS and HVAX services—also do not include the element of "causing a communication to be sent from the remote computing device to one or more dispatcher servers" "in response to a determination that the predefined portion of the predefined area of the ad content display page is in the visible area of the browser window" of claim 1.

**Response:** Denied.

112. Counter Plaintiff's Accused Products—i.e., the VaaS and HVAX services—also do not include the element of "the advertisement content first appears in the predefined area of the ad content display page only after the one or more dispatcher servers serve the advertisement content to the remote computing device and the browser renders the advertisement content in the predefined area of the ad content display page" of claim 1.

**Response: Denied.**

113. Counter Plaintiff's Accused Products—i.e., the VaaS and HVAX services—also do not include the element of "wherein the one or more dispatcher servers are configured to: [] receive the communication, and [] cause advertisement content to be served to the remote computing device" of claim 1.

**Response: Denied.**

114. Counter Plaintiff's Accused Products—i.e., the VaaS and HVAX services—also do not include the element of "the one or more dispatcher servers serve the advertisement content to the remote computing device and the browser renders the advertisement content in the predefined area of the ad content display page" of claim 1.

**Response: Denied.**

115. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counter Plaintiff requests a declaration by the Court that Counter Plaintiff has not infringed and does not infringe any claim of the '482 Patent under any theory of infringement, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

**Response:** Admitted that Duration requests the relief descried in the paragraph.

**COUNT II: DECLARATION REGARDING INVALIDITY OF U.S. PAT. NO. 11,741,482**

116. Counter Plaintiff incorporates by reference paragraphs 101-114 above.

**Response:** Counterclaim defendant incorporates its responses to paragraphs 101-114 above. Otherwise denied.

117. Based on the filing of this action and at least Counter Plaintiff's second affirmative defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '482 Patent.

**Response:** Admitted that Duration contests validity. Otherwise denied.

118. The claims of the '482 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

**Response**: Denied.

119. More specifically, the claims are anticipated under 35 U.S.C. § 102 and/or rendered obvious under 35 U.S.C. § 103 by, inter alia, U.S. Patent or Pub. Nos. US10380602 (US2007/0265923), US7725502, and US2008/0221982. Counter Plaintiff reserves the right to assert additional prior art and/or other invalidity defenses against the '482 Patent in accordance with the Court's Local Rules or as otherwise allowed by the Federal Rules of Civil Procedure.

**Response**: Denied.

120. One or more claims of the '482 Patent are invalid under 35 U.S.C. § 112 for lack of written description or enablement and/or is indefinite at least with respect to the terms "determining whether a predefined portion of the predefined area of the ad content display page is in the visible area of the browser window[.]"

**Response:** Denied.

121. One or more claims of the ’482 Patent are invalid under 35 U.S.C. § 112 for lack of written description or enablement and/or is indefinite at least with respect to the terms “one or more dispatcher servers” in Claim 1 of the ’428 Patent.

**Response:** Denied.

122. One or more claims of the ’482 Patent are also invalid under 35 U.S.C. § 112 for lack of written description or enablement and/or is indefinite at least with respect to the terms “predefined area being a portion[,]” “other portions[,]” and “a portion” in Claim 1 of the ’428 Patent.

**Response:** Denied.

123. One or more claims of the ’482 Patent are also invalid under 35 U.S.C. § 112 for lack of written description or enablement and/or is indefinite at least with respect to the terms “wherein the one or more dispatcher servers are configured to: [] receive the communication, and [] cause advertisement content to be served to the remote computing device” in Claim 1 of the ’428 Patent.

**Response:** Denied.

124. One or more claims of the ’482 Patent are also invalid under 35 U.S.C. § 112 for lack of written description or enablement and/or is indefinite at least with respect to the terms “predefined area” in Claim 1 of the ’428 Patent.

**Response:** Denied.

125. Counter Plaintiff reserves the right to add additional terms that that lack written description or enablement and/or are indefinite under 35 U.S.C. § 112.

**Response:** Denied.

126. One or more claims of the’482 Patent are invalid under 35 U.S.C. § 101 because at least claim 1 is directed to the abstract idea of organizing human activity, namely, displaying

an advertisement when a certain condition is met. (See Dkt. 001-8, at 1:58-62 ("The present invention relates generally to methods and systems for creation and distribution of advertising, promotional and informational electronic communications regarding products and services via computer and communication networks, and displaying same at desired locations." (emphasis added)).

**Response:** Denied.

127. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counter Plaintiff requests a declaration by the Court that claims of the '482 Patent are invalid for failure to comply with one or more requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

**Response:** Admitted that Duration requests the relief descried in the paragraph.

## VI. RELIEF REQUESTED

All of the relief that Duration Media LLC has requested should be denied.

Dated: November 15, 2023

**Global IP Law Group, LLC**

By: /s/ David Berten
David Berten
Alison A. Richards
Hannah Sadler
Global IP Law Group, LLC
55 West Monroe Street, Suite 3400
Chicago, IL 60603
(312) 241-1500

*Attorneys for Plaintiff*