IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rich Media Club LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>Duration Media LLC,<br><br>    Defendant. | No.  CV-23-01967-PHX-SPL<br><br>**ORDER** |

  Pending before the Court is Rich Media Club LLC's ("Plaintiff") Motion to Compel Discovery (Doc. 26), Duration Media LLC's ("Defendant") Response (Doc. 27), and Plaintiff's Reply (Doc. 28). Neither party attached a statement to these filings certifying that the parties met and conferred on the disputed discovery matters.

  Local Rule 7.2(j) states, "[n]o discovery motion will be considered or decided unless a statement of moving counsel is attached thereto certifying that after personal consultation and sincere efforts to do so, counsel have been unable to satisfactorily resolve the matter. Any discovery motion brought before the Court without prior personal consultation with the other party and a sincere effort to resolve the matter, may result in sanctions." Similarly, this Court's Case Management Order states, "[p]arties shall not present any discovery dispute without first seeking to resolve the matter through personal consultation and sincere effort as required by LRCiv 7.2(j)." (Doc. 24 at 4). "The requirement to confer contained in LRCiv 7.2(j) is designed to avoid unnecessary litigation of discovery issues that the parties should be able to resolve themselves." *Bustamante v. Graco, Inc.*, No. CV 03-182-

TUC-JMR, 2005 WL 5976149, at *1 (D. Ariz. Dec. 1, 2005). "When the court must resolve a dispute that the parties themselves could have resolved, it must needlessly expend resources that it could better utilize elsewhere." *Pulsecard, Inc. v. Discover Card Services, Inc.*, 168 F.R.D. 295, 302 (D. Kan. 1996).

In the present case, each party has accused the other of refusing to meet and confer on the instant discovery dispute. (*Compare* Doc. 26 at 6 "Fourteen days have now passed since the original request to meet and confer, and despite multiple requests, [Defendant] has declined to meet and confer about its responses." *with* Doc. 27 at 6 "Plaintiff explicitly refused to meet with the attorney handling discovery in this case. . ."). Regardless of who is at fault for failing to meet this requirement, the fact remains that this required step has not been met. The importance of this step is demonstrated by Plaintiff's Reply which withdraws their request to compel certain answers to interrogatories and requests for production. (Doc. 28 at 2). This could have easily been resolved if the parties had met and discussed these issues *before* filing the instant Motions. Thus, the parties are ordered to meet and confer in good faith on all of the discovery disputes encapsulated in Plaintiff's original Motion (Doc. 26). *See Hunter v. Moran*, 128 F.R.D. 115, 116 (D. Nev. 1989) (noting that "personal consultation and sincere efforts" pursuant to LRCiv 7.2(j) requires in-person or telephonic consultation). Furthermore, a party will not be considered to have participated in good faith if they send representatives who need to confer with individuals not present in order to answer the other side's questions. *See Beasley v. State Farm Mut. Auto. Ins. Co.*, C13-1106-RSL, 2014 WL 1268709, at *1 (W.D. Wash. Mar. 25, 2014) ("A good faith effort to resolve discovery disputes requires an exchange of information until no additional progress is possible.").

If the parties are unable to resolve the instant discovery dispute at this meeting, the next step is to contact the court to request a hearing. The Court will then contact the parties to provide additional guidance. This Court's Case Management Order states:

///

///

> "In the event the parties cannot reach a resolution, they may jointly request assistance by contacting the Court to request a hearing on the dispute; the parties shall not file written discovery motions without leave of Court. The Court will seek to resolve the dispute during the hearing, and may enter appropriate orders on the basis of the hearing or may order written briefing. If the Court orders written submissions, the parties shall include a statement certifying that counsel could not satisfactorily resolve the matter after personal consultation and sincere efforts to do so in accordance with Local Rule 7.2(j)."

(Doc. 24 at 4). Thus, a Motion to Compel is inappropriate at this stage in the dispute. The Court will not remind the parties again about what has already been said in its Case Management Order, and the next violation of these rules will result in sanctions. Regardless, in this instance, if the parties are unable to come to a resolution, the Court will permit them to file a joint Motion for Discovery Dispute Resolution not to exceed three pages.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Compel Discovery (Doc. 26) is **dismissed without prejudice** pending the Court's discovery dispute resolution procedures.

**IT IS FURTHER ORDERED** that the parties will meet and confer in good faith about all issues encapsulated in Plaintiff's original Motion (Doc. 26) no later than **February 25, 2024**.

///
///
///
///
///
///
///
///

**IT IS FURTHER ORDERED** that if the parties are unable to resolve the discovery dispute following their meeting, then the parties may file a Joint Motion for Discovery Dispute Resolution prior to the Court setting a discovery dispute hearing. Any Joint Motion shall not exceed three (3) pages in length. The Motion shall include a statement certifying that counsel could not satisfactorily resolve the matter after personal consultation and sincere efforts to do so in accordance with Local Rule 7.2(j).

Dated this 17th day of January, 2024.

Honorable Steven P. Logan
United States District Judge