| | |
|---|---|
| Erin E. Bradham (AZ Bar No. 02287)<br>DENTONS US LLP<br>2398 E. Camelback Road, Suite 850<br>Phoenix, Arizona 85016<br>(602) 508-3900<br>erin.bradham@dentons.com | David Berten<br>Alison A. Richards<br>Global IP Law Group, LLC<br>55 West Monroe Street, Suite 3400<br>Chicago, IL 60603<br>(312) 241-1500<br>dberten@giplg.com<br>arichards@giplg.com |
| Victor C. Johnson (pro hac vice granted)<br>James D. Tuck (pro hac vice granted)<br>DENTONS US LLP<br>2000 McKinney Ave., Suite 1900<br>Dallas, Texas 75201<br>(214) 259-0900<br>*victor.johnson@dentons.com*<br>*james.tuck@dentons.com* | ***Attorneys for Plaintiff***<br>***Rich Media Club LLC*** |
| Joel Bock (pro hac vice granted)<br>DENTONS US LLP<br>101 JFK Pkwy<br>Short Hills, New Jersey 07078<br>(973) 912-7274<br>*joel.bock@dentons.com* | |

***Attorneys for Duration Media LLC***

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Rich Media Club LLC,**<br>    *Plaintiff*,<br>v.<br>**Duration Media LLC,**<br>    *Defendants*. | § Case No. 2:23-cv-01967-SPL<br>§<br>§ **JOINT CLAIM INTERPRETATION**<br>§ **SUBMISSION**<br>§ |

**JOINT CLAIM INTERPRETATION SUBMISSION**

Plaintiff Rich Media Club LLC ("Plaintiff" or "RMC" or "Counter Defendant") and Defendant/Counter Plaintiff Duration Media LLC ("Defendant" or "Duration Media" or "Counter Plaintiff"), jointly submit the following identification of disputed claim terms, and supporting intrinsic and extrinsic evidence. The only disputed terms appear in claim 1 of the patent-in-suit, U.S. Patent No. 11,741,482 ("the '482 patent"). Both parties reserve certain rights with regard to this submission, including (1) the right to rely on evidence identified by the opposing party to support their asserted interpretations; (2) the right to challenge the admissibility of any extrinsic evidence offered by the opposing party; (3) the right to make additional arguments based on case law regardless of whether the case law was disclosed to either party before this joint claim construction statement was filed; and (4) the right to interpret any disputed term in a larger context of the claim or the claim as a whole.

**#1: [Preamble part 1]**. **A method for rendering advertisement content in an ad content display page,**

| Plaintiff's Position | Defendant's Position |
|---|---|
| Not limiting; if limiting, not indefinite. | Limiting and indefinite. |

**#2: [Preamble part 2]** wherein the ad content display page includes (i) a predefined area configured to display advertisement content, the predefined area being *a portion* of the ad content display page, and (ii) page content displayed in other portions of the ad content display page, the page content being separate from the advertisement content, the ad content display page being scrollable to allow *a portion* of the ad content display page to appear in a visible area of a browser window of a browser that is configured to be operated by a remote computing device, the method comprising:

| | |
|---|---|
| **Agreed:** The parties agree that the section of the preamble part 2 above (i.e., after the first "wherein") is limiting. | |
| **Plaintiff's Position regarding the "a portion" term** | **Defendant's Position regarding the "a portion" term** |

| Not indefinite; plain and ordinary meaning. | Indefinite. |

**#3:** (a) *determining* whether a predefined portion of the predefined area of the ad content display page is in the visible area of the browser window; and

| **"Determining"** ||
| **Plaintiff's Position** | **Defendant's Position** |
|---|---|
| Not indefinite; plain and ordinary meaning | Indefinite. |

#4: (a) determining whether **a *predefined portion of the predefined area of the ad content display page*** is in the visible area of the browser window; and

| ***"predefined portion of the predefined area of the ad content display page"*** ||
| **Plaintiff's Position** | **Defendant's Position** |
|---|---|
| Plain and ordinary meaning. | A percentage of a set area of the ad content display page, both of which have been defined prior to rendering the ad content display page. |

**#5:** (a) determining whether a predefined portion of the predefined area of the ad content display page is in the ***visible area of the browser window***; and

| ***"visible area of the browser window"*** ||
| **Plaintiff's Position** | **Defendant's Position** |
|---|---|
| The area of a browser window that is capable of being seen. | The area of the ad content display page that is currently perceptible to the user. |

**#6:** (b) in response to a ***determination*** that the predefined portion of the predefined area of the ad content display page is in the visible area of the browser window, causing a communication to be sent from the remote computing device to one or more dispatcher servers.

| "Determination" | |
|---|---|
| **Plaintiff's Position** | **Defendant's Position** |
| Not indefinite; plain and ordinary meaning | Indefinite. |

**# 7:** (b) in response to a determination that the predefined portion of the predefined area of the ad content display page is in the visible area of the browser window, *causing a communication to be sent* from the remote computing device to one or more dispatcher servers,

| "*causing a communication* to be sent" | |
|---|---|
| **Plaintiff's Position** | **Defendant's Position** |
| Not indefinite; plain and ordinary meaning | Indefinite. |

**# 8:** [1(b)cont] wherein the one or more dispatcher servers are *configured to*:
(i) receive the communication, and
(ii) cause advertisement content to be served to the remote computing device,
wherein the browser is *configured to* render the advertisement content in the predefined area of the ad content display page, and

| "Configured to" | |
|---|---|
| **Plaintiff's Position** | **Defendant's Position** |
| Not indefinite, plain and ordinary meaning | Indefinite. |

**# 9:** wherein the *advertisement content first appears in the predefined area of the ad content display page only after* the one or more dispatcher servers serve the advertisement content to the remote computing device and the browser renders the advertisement content in the predefined area of the ad content display page.

| "advertisement content first appears in the predefined area of the ad content display page only after" | |
|---|---|
| **Plaintiff's Position** | **Defendant's Position** |
| The full clause means the specific ad content rendered does not appear until | Prior to any advertisement content appearing in the predefined area of the ad |

| | |
|---|---|
| after it is received from the dispatch server, which occurs only after other claim limitations are met. | content display page, the following must occur:<br>1.   a determination is made that a predefined portion of the predefined area of the ad content display page is in the visible area of the browser window,<br>2.   a communication is caused to be sent from the remote computing device to one or more dispatcher servers,<br>3.   the communication is received by the one or more dispatcher servers,<br>4.   the advertisement content is served by the one or more dispatcher servers to the remote computing device, and<br>5.   the advertisement content is rendered by the browser in the predefined area of the ad content display page. |

**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**

| | |
|---|---|
| Dated: April 17, 2024 | Respectfully submitted, |
| **Global IP Law Group, LLC** | **DENTONS US LLP** |
| /s/   David Berten | /s/  Victor C. Johnson |
| David Berten | Victor C. Johnson (pro hac vice granted) |
| Alison A. Richards | James D. Tuck (pro hac vice granted) |
| Global IP Law Group, LLC | 2000 McKinney Avenue, Suite 1900 |
| 55 West Monroe Street, Suite 3400 | Dallas, TX 75201-1858 |
| Chicago, IL 60603 | Phone:  (214) 259-0900 |
| (312) 241-1500 | *victor.johnson@dentons.com* |
| | *james.tuck@dentons.com* |
| *Attorneys for Plaintiff* | |
| | Erin E. Bradham (AZ Bar No. 02287) |
| | 2398 E. Camelback Road, Suite 850 |
| | Phoenix, Arizona 85016 |
| | (602) 508-3900 |
| | erin.bradham@dentons.com |
| | |
| | Joel Bock (pro hac vice granted) |
| | 101 JFK Pkwy |
| | Short Hills, New Jersey  07078 |
| | (973) 912-7274 |
| | *joel.bock@dentons.com* |
| | |
| | *Attorneys for Defendants* |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's CM/ECF system on the 17th of April 2024.

 /s/ Victor C. Johnson
Victor C. Johnson

6
**JOINT CLAIM INTERPRETATION SUBMISSION**