1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                         FOR THE DISTRICT OF ARIZONA

8

Rich Media Club, LLC,                    )        No.  CV-23-01967-PHX-SPL
9                                        )
                    Plaintiff,           )
10                                       )        **ORDER**
    vs.                                  )
11                                       )
                                         )
    Duration Media, LLC,                 )
12                                       )
                                         )
13                  Defendant.           )
                                         )
14  _____ )

15          Before the Court is the parties' Joint Motion to Stay Pending Inter Partes Review

16  (Doc. 41). The Court now rules as follows.

17          "Courts have inherent power to manage their dockets and stay proceedings,

18  including the authority to order a stay pending conclusion of a PTO reexamination."

19  *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) (citations omitted). "To

20  be sure, a court is under no obligation to delay its own proceedings by yielding to ongoing

21  PTAB patent reexaminations—even if the reexaminations are relevant to the infringement

22  claims before the Court." *Robert Bosch Healthcare Sys., Inc. v. Cardiocom, LLC*, No. C-

23  14-1575 EMC, 2014 WL 3107447, at *3 (N.D. Cal. July 3, 2014); *see also Viskase Corp.*

24  *v. Am. Nat'l Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001).

25          To determine whether to stay a case pending reexamination or *inter partes* review,

26  courts typically consider three factors: "(1) whether discovery is complete and whether a

27  trial date has been set; (2) whether a stay will simplify the issues in question and trial of

28  the case; and (3) whether a stay would unduly prejudice or present a clear tactical

disadvantage to the nonmoving party." *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1030–31 (C.D. Cal. 2013). The three factors "are not exhaustive, however, as the decision whether to order a stay must be based on the totality of the circumstances." *Polaris Innovations Ltd. v. Kingston Tech. Co., Inc.*, No. 8:16-cv-00300-CJC-RAO, 2016 WL 7496740, at *1 (C.D. Cal. Nov. 17, 2016) (citing *Universal Elecs., Inc.*, 943 F. Supp. 2d at 1030–31).

In the present case, discovery has only recently begun and is allegedly far from complete. (Doc. 41 at 3). Moreover, a trial date is not set and likely will not be set by the end of the year. The parties also claim that resolution of the Inter Partes Review ("IPR") process would narrow the disputed issues in this case. (*Id.*). Finally, given that this Motion was filed jointly, the Court sees no tactical advantage derived by either side from staying the litigation. Finding that all three of the traditional factors for evaluating a stay pending IPR are present here, the Court will grant the motion.

Accordingly,

**IT IS ORDERED** that the Joint Motion to Stay Pending Inter Partes Review (Doc. 41) is **granted**.

**IT IS FURTHER ORDERED** that this action is **stayed** pending the resolution of Inter Partes Review by the U.S. Patent and Trademark Office, but shall be dismissed without further notice on **September 5, 2024**, unless prior thereto, a motion to continue the stay is filed or the Court is advised that the U.S. Patent and Trademark Office has completed its review and the parties are ready to proceed with this case.

**IT IS FURTHER ORDERED** that any pending motions in this case are **dismissed without prejudice** and may be refiled once the stay is lifted.

Dated this 10th day of June, 2024.

Honorable Steven P. Logan
United States District Judge

2