**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rich Media Club LLC,<br><br>    Plaintiff,<br>vs.<br><br>Duration Media LLC,<br><br>    Defendant. | No. CV-23-01967-PHX-SPL<br><br>**ORDER** |

Before the Court is Plaintiff Rich Media Club LLC's ("Plaintiff's") Unopposed Motion to Reinstate Case (Doc. 47), in which both Plaintiff and Defendant Duration Media LLC ("Defendant") move to reinstate this case, set aside this Court's dismissal order, and extend the stay on this case until December 10, 2024. (Doc. 47 at 1–2). The Court now rules as follows.

## I. BACKGROUND

This case was initially filed by Plaintiff on September 19, 2023, alleging that Defendant had infringed Plaintiff's patent, U.S. No. 11,741,482 ("the '482 Patent"). (Doc. 47 at 2; Doc. 1). Plaintiff had previously filed a case against Defendant in 2022 ("the 2022 case"), alleging that Defendant had infringed another one of Plaintiff's patents, U.S. No. 11,443,329 ("the '329 Patent"). (Doc. 47 at 2). *See Rich Media Club LLC v. Duration Media LLC*, No. 2:22-cv-02086-JJT (D. Ariz. 2022). Defendant sought *inter partes* review ("IPR") of the '329 Patent and moved to stay the 2022 case until the Patent Trial and Appeal Board ("PTAB") issued its final decision. (Doc. 47 at 2–3). The PTAB issued its

decision on the '329 Patent in August 2024, and in September 2024, the stay in the 2022 case expired, and the case is now active with a pending motion to re-issue the stay. (*Id.* at 3). *See also Rich Media Club LLC*, No. 2:22-cv-02086-JJT (Sept. 27, 2024) (Doc. 42).

In this case, discovery was proceeding when Defendant filed another petition for *inter partes* review, this time of the '482 Patent. (Doc. 47 at 3). The parties jointly agreed to a stay on this case pending the PTAB's decision, which the Court issued on June 11, 2024. (*Id.*; Doc. 44). However, as part of the order issuing the stay, this Court also ordered the parties to file a motion to continue the stay by September 5, 2024, or the case would be dismissed without further notice to the parties. (Doc. 44 at 2). "Through inadvertence, including confusion with the timing of lifting of the stay in the 2022 Case, neither party approached the other party about filing a joint motion to continue the stay or any notice of the status of the second IPR as the stay order in this case required." (Doc. 47 at 4). Therefore, this case was dismissed on September 26, 2024. (Doc. 45).

The parties now ask this Court to set aside the September 26, 2024 dismissal order (Doc. 45), reinstate the case, and issue a stay until December 10, 2024. (Doc. 47 at 4). The parties anticipate that the PTAB's order on the '482 Patent will issue no later than December 3, 2024. (Doc. 47 at 4).

## II.   DISCUSSION

Federal Rule of Civil Procedure ("Rule") 60(b) provides that "[o]n motion and just terms, the court may relieve a party of its legal representative from a final judgment, order, or proceeding" for reasons including "mistake, inadvertence, surprise, or excusable neglect . . . ." Fed. R. Civ. P. 60(b)(1). Here, Plaintiff argues that the parties' failure to file a motion to continue the stay "was essentially a clerical oversight and there was no culpable conduct on plaintiff's behalf." (Doc. 47 at 4). The "excusable neglect" standard of Rule 60(b) "covers cases of negligence, carelessness and inadvertent mistake." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000). When determining whether neglect is excusable, a court looks to four main factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason

for the delay; and (4) whether the movant acted in good faith." *Id.* at 1223–24.

Here, the Court finds no prejudice to the opposing party, as the Plaintiff's motion (Doc. 47) is unopposed. (Doc. 47 at 2). This factor weighs toward a finding of excusable neglect. The Court also finds that setting aside the dismissal and reinstating the case would not cause any delay, as the case would likely have remained stayed until December 2024, pending the PTAB's decision on the '482 Patent, had the parties filed the required motion to continue. (Doc. 47 at 4). As to the reason for the delay, the Court finds that there has been no willful misconduct by Plaintiff or Defendant, but rather that the failure to file a motion resulted from an inadvertent mistake. *See Bateman*, 231 F.3d at 1225 (noting that the party's "errors resulted from negligence and carelessness, not from deviousness or willfulness," which weighed toward granting his Rule 60(b) motion). It is understandable that the parties could accidentally miss a deadline in this case given their overlapping deadlines in the related 2022 case. Finally, this Court finds that Plaintiff is acting in good faith in bringing this motion, as "the parties have engaged in extensive, years-long litigation in multiple cases and multiple fora, and it was not Plaintiff's intention to abandon this case." (Doc. 47 at 4). Again, the Court has not identified any willful misconduct on behalf of Plaintiff or Defendant, which weighs toward granting the Rule 60(b) motion. The Court agrees that "dismissal of the case is too severe a sanction on Plaintiff for the single instance of failure to file a joint motion to extend the stay," and the Court finds that there is good cause to reinstate the case. (*Id.*).

Additionally, for the same reasons set forth in this Court's June 11, 2024 Order granting the parties' motion to stay pending *inter partes* review (Doc. 44), this Court finds it appropriate to stay the case until December 10, 2024 in anticipation of the PTAB issuing its decision regarding the '482 Patent.

Accordingly,

**IT IS ORDERED** that Plaintiff's Unopposed Motion to Reinstate Case, Set Aside Dismissal Order and Extend Stay Until December 10, 2024 Based on Inadvertence (Doc. 47) is **granted**.

**IT IS FURTHER ORDERED** that the Order of Dismissal (Doc. 45) is hereby set aside, and the case is reinstated.

**IT IS FURTHER ORDERED** that the action is **stayed**, pending the resolution of *inter partes* review by the U.S. Patent and Trademark Office, until **December 10, 2024**.

**IT IS FURTHER ORDERED** that the case shall be dismissed without further notice on **December 10, 2024**, unless prior thereto, a motion to continue the stay is filed or the Court is advised that the U.S. Patent and Trademark Office has completed its review and the parties are ready to proceed with this case.

Dated this 28th day of October, 2024.

Honorable Steven P. Logan
United States District Judge