David Berten (*pro hac vice* application granted)
Alison A. Richards (*pro hac vice* application granted)
GLOBAL IP LAW GROUP, LLC
55 West Monroe Street, Suite 3400
Chicago, IL 60603
312-241-1500
dberten@giplg.com
arichards@giplg.com

*Attorneys for Rich Media Club LLC*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rich Media Club LLC, a Florida Limited Liability Company,<br><br>    Plaintiff,<br><br>vs.<br><br>Duration Media LLC, a Delaware corporation headquartered in Arizona,<br><br>    Defendant. | Case No. 2:23-cv-01967-SPL<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S REPORT REGARDING ORDER DENYING INSTITUTION OF INTER PARTES REVIEW IPR2024- 00937** |

This case is stayed because Defendant Duration asked for a stay based on Duration's Petition asking the Patent Trial and Appeal and Appeal Board (PTAB) to undertake an inter partes review (IPR) of the patent in this case. There can be no doubt that both parties were obligated to notify this Court of the result of Defendant Duration's request for the IPR of the patent in this case, i.e. the PTAB's October 27, 2024 decision to deny institution of Defendant's IPR. *E.g.* Dkt. No. 48.

After repeatedly asking Defendant Duration to join a joint status report providing this Court with the PTAB's IPR decision and the parties' positions on how this case should proceed, Duration declined to join the joint report, instead seeking the self-help of extending the stay by refusing to participate in a joint status report to the Court letting the Court know that its IPR request had been denied and that that USPTO will undertake no IPR of the patent in this case.

The proposed joint report would have quickly and efficiently provided the Court with the facts about the IPR and the parties' position on what should happen next in this case. Obligated to nonetheless provide the Court with a report on the IPR status despite Defendant's refusal to participate, Plaintiff filed the status report regarding Order Denying Institution of Inter Partes Review IPR2024-00937 at Dkt. No. 49.

Now needlessly multiplying the proceedings in this litigation and the burden on the Court, Defendant Duration filed a Motion to Strike the status report regarding order denying institution of inter partes review IPR2024-00937, Dkt. No. 50.

1

Defendant's motion strike is really Defendant's motion to continue the stay beyond the terms already ordered by the Court in Dkt. No 48 and the terms agreed to by the parties in the joint motion to stay.

Remarkably, although this case is stayed pending the PTAB's IPR decision (Dkt. No. 48) and the history of this case, Defendant Duration's motion to strike argues that the status report on the IPR status was "impertinent" " (or irrelevant) and "unnecessary." But the IPR status and the parties' positions on what should happen next are imminently relevant to this case. This case was previously dismissed for the parties joint failure to update the Court about the status of the IPR. Plaintiff was unwilling to incur that risk again and both parties were obligated to provide this Court with a timely update.

Acknowledging that the parties were obligated to update this Court, Defendant Duration's motion to strike also represents that the Status Report was "*without Defendant's involvement* despite the Court's 'Order' (Dkt. 48) directing that it be a joint endeavor." Dkt. 50. This is not correct. The Report was not "without Defendant's involvement." On October 29, plaintiff sent Defendant the following message:

> In between the motion to reinstate and the Court's Order reinstating today, the PTAB issued its decision not to institute the IPR. We are required to make the Court aware of the institution decision and propose to do it through the attached joint report. We believe that the case should be un-stayed now. If Defendant disagrees, please provide your position in the attached. We plan to get this on file today or tomorrow.

The next day, without any objection to the idea of a joint report, Defendant Duration responded:

> We have received your draft of the report. We will review and revert with our edits to you soon.

The next day, Plaintiff responded:

> Given the history and posture, we plan to get this filed today. We would appreciate Duration's position today. thank you

The next day, Plaintiff asked:

> Does Duration plan to provide its position on this issue today?

Defendant Duration responded:

> We are still conferring with our client about how they want to proceed. With the holiday, we are going to need more time. Accordingly, we will have our position to you by the end of business on Monday.
>
> I appreciate your patience.

Plaintiff responded:

> We are on a short leash with this court and we want to let him know the IPR was denied this week.
>
> We could drop our section and indicate that the parties anticipate filing an additional joint statement about the stay on Monday.

At the end of the week, Defendant Duration then responded:

> We talked with our client and determined our position. At this stage, we think a joint report is premature. The Court's order on October 29, 2024, directed that the action should be stayed until the IPR is resolved, which includes the Director's review.

Defendant Duration's response essentially sought the self-help of extending the stay by refusing to participate in a joint status report to the Court letting this Court know that its IPR request had been denied.

Although Defendant declined to provide its position in the proposed joint filing, Plaintiff nonetheless provided Defendant's position in the Status Report as Defendant stated it above.

Three days after the status report, without contacting Plaintiff, Defendant filed its nine-page motion to strike.  Defendant could have provided the reasons for its position in the joint status report without the need for extended and voluminous briefing.

Defendants have already delayed this case for its IPR request and through the procedural issues that have kept this case stayed for two more months after the PTAB's October 27, 2024 decision not to institute an IPR.  At this point, if the stay is not immediately lifted, the case should simply proceed consistent with the Court's prior Order that the stay will be lifted on December 10, 2024.  Dkt. No. 48.

Dated:  November 22, 2024               **Global IP Law Group, LLC**

                                        By: /s/ David Berten
                                        David Berten
                                        Alison A. Richards
                                        Global IP Law Group, LLC
                                        55 West Monroe Street, Suite 3400

Chicago, IL 60603
(312) 241-1500

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on November 22, 2024, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants of record in this matter.

/s/ David Berten