**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rich Media Club LLC, | No. CV-23-01967-PHX-SPL |
| Plaintiff, | |
| vs. | **ORDER** |
| Duration Media LLC, | |
| Defendant. | |

Before the Court is Plaintiff Rich Media Club LLC's ("Plaintiff's") November 5, 2024 Status Report Regarding Order Denying Inter Partes Review (Doc. 49); Defendant Duration Media LLC's ("Defendant's") Motion to Strike that status report (Doc. 50); Plaintiff's Response (Doc. 51); Defendant's Reply (Doc. 54); Plaintiff's December 10, 2024 Status Report Regarding USPTO Review (Doc. 55); and Defendant's Opposed Motion to Continue the Stay (Doc. 56). Because the parties have already made clear their positions regarding Defendant's Motion to Continue the Stay (Doc. 56), the Court finds it appropriate to rule on that Motion without need for further briefing.

**I.      BACKGROUND**

On October 29, 2024, this Court issued a stay in this case until December 10, 2024, by which time the parties anticipated that the Patent Trial and Appeal Board ("PTAB") would issue an order regarding *inter partes* review ("IPR") of the '482 Patent at issue in this case. (Doc. 48 at 1–2). On November 5, 2024, Plaintiff filed a Status Report, in which they noted that by the time the Court issued its Order, the PTAB had entered an order denying IPR for the '482 patent on October 17, 2024. (Doc. 49 at 2). Plaintiff therefore

requested the Court lift the stay, but noted that Defendant opposed such request, arguing that the case should remain stayed until Director Review of the IPR decision is complete. (*Id.* at 2–3). Thereafter, Defendant moved to strike Plaintiff's Status Report as impertinent (Doc. 50), arguing that it was a "disguised motion requesting the Court to prematurely lift the stay before the review process for the *inter partes* review for the '482 Patent has been completed." (Doc. 50 at 2). Defendant's Motion to Strike was fully briefed. (Docs. 51, 54).

On December 10, 2024, Plaintiff filed an updated Status Report (Doc. 55) in accordance with this Court's Order (Doc. 48), renewing its request for the Court to lift the stay on the case. The same day, Defendant filed its Motion to Continue the Stay (Doc. 56), again reiterating its argument that the Court should wait for Director Review of the PTAB's denial. (Doc. 56 at 2–3). Defendant noted that it conferred with Plaintiff, who indicated that the Motion to Stay (Doc. 56) is opposed. (Doc. 56 at 4).

## II.   DISCUSSION

Plaintiff argues that the Court should lift the Stay for three primary reasons: (1) the stay was issued pending the decision of the PTAB, not pending Director Review, and the PTAB has now made its decision; (2) the stay was lifted in the parallel case to this one, 2:22-cv-02086-JJT; and (3) Director Review is granted in a small minority of cases, so it is unlikely that it will be granted here. (Doc. 49 at 3–4; Doc. 55 at 2).

As the Court stated in its Order (Doc. 44) granting the parties' initial Motion to Stay, courts typically consider three factors when determining whether to stay a case pending *inter partes* review: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *Universal Elecs., Inc. v. Universal Remote Control, Inc.,* 943 F. Supp. 2d 1028, 1030–31 (C.D. Cal. 2013). "When determining whether to . . . lift an already-imposed stay pending IPR, the court considers the same three factors . . . ." *Smart Modular Techs., Inc. v. Netlist, Inc.*, 2016 WL 5159524, at *2 (E.D. Cal. Sept. 21, 2016).

As to the first factor, the state of the litigation is unchanged since the Court issued

its Order (Doc. 44) granting the parties' Motion to Stay. Although the early stage of the litigation would ordinarily weigh in favor of continuing the stay, this factor is not dispositive. *See, e.g.*, *Smart Modular Techs.*, 2016 WL 5159524, at *2 (noting that in light of "further delay in litigation proceedings, the Court is not convinced that this factor weighs in favor of lifting the stay"). If the stay is now lifted, the case will advance, and "should a decision be rendered by the [Director] that affects this case, appropriate adjustments could then be made." *Id.* at *3; *see also Oyster Optics, LLC v. Ciena Corp.*, 2019 WL 4729468, at *2 (N.D. Cal. Sept. 23, 2019) (concluding that the factor was neutral).

As to the second factor, the simplification of the issues, the parties staunchly disagree about the likelihood that the Director will grant review of the PTAB's denial of IPR. (Doc. 49 at 4; Doc. 50 at 8). "The purpose of an IPR is, where possible, to shift disputes about patent validity from the courts to an expert agency and to 'facilitate the removal of patents that were improvidently granted' . . . Staying a case until the PTAB issues a final written decision . . . on an IPR is often desirable because of the likelihood that this 'expert panel' will bring its wisdom to bear on often highly technical and idiosyncratic issues." *Oyster Optics*, 2019 WL 4729468, at *3 (citing *In re Cuozzo Speed Techs., LLC*, 793 F.3d 1268, 1285 (Fed. Cir. 2015)). In the instant case, however, the PTAB has not issued a final written decision, as it has declined to institute an IPR. (Doc. 49-1 at 3). "Regardless of which party has the better argument" on whether the Director is likely to grant review, find that the PTAB committed material error, and vacate the PTAB's denial of IPR, it is clear that "the case for simplification is quite different than it was when [the parties] applied for a stay." *Oyster Optics*, 2019 WL 4729468, at *3.

Plaintiff argues that "[t]he USPTO has only granted Director Review on about 5% of the decisions when a review has been requested by a party," so it is unlikely that the PTAB's decision not to institute IPR will change, while Defendant contends that there is "insufficient historical data for trend analysis," as the review process has recently changed. (Doc. 49 at 4; Doc. 50 at 8). This Court need not weigh in on the likelihood that review will be granted; it is sufficiently clear that "the prospect for simplification of patent

matters" has "wane[d] greatly" now that the PTAB has issued its decision. *Cf. Oyster Optics*, 2019 WL 4729468, at *3; *see also Juno Therapeutics, Inc. v. Kite Pharma*, 2018 WL 1470594, at *7 (C.D. Cal. Mar. 8, 2018). Accordingly, the Court finds that this factor weighs in favor of lifting the stay.

Finally, as to the prejudice factor, Plaintiff argues that it "did not agree to stay this case through Director Review," and that "there is no deadline for the Director to respond [to a request for review]. This case should not be further delayed because Defendant may choose to request Director Review." (Doc. 49 at 3–4). Defendant counters that "Plaintiff can obtain full relief through monetary damages and maintaining the stay poses no 'clear tactical disadvantage' to the Plaintiff." (Doc. 50 at 9) (quoting *Extremity Med. LLC v. Fusion Orthopedics LLC*, 2023 U.S. Dist. LEXIS 220692, *5–6 (D. Ariz. Dec. 12, 2023)). While it is true that Plaintiff has not sought a preliminary injunction in this matter, this Court does not find that dispositive on the issue of potential prejudice. The fact that "there is no clearly defined endpoint to a continued stay" overall "weighs in favor of lifting the stay." *Oyster Optics*, 2019 WL 4729468, at *4; *see also Samesurf, Inc. v. Intuit Inc.*, 2024 WL 4439257, at *3 (S.D. Cal. Oct. 7, 2024) ("Now that time has passed and Plaintiff opposes continuing the stay, the risk of undue prejudice to Plaintiff is greater. Continuation of the stay would keep this case at its relatively early stage for a substantial period of additional time and delay Plaintiff the opportunity to enforce its patent rights.").

Finally, the Court declines to strike Plaintiff's Status Report (Doc. 49) as impertinent pursuant to Federal Rule of Civil Procedure ("Rule") 12(f) and Local Rule 7.2(m). (Doc. 50 at 2). Defendant argues that the Report is impertinent because it is a "disguised motion" that is "styled as a report." (*Id.*). Given that the Court explicitly warned the parties that the case would be dismissed on December 10, 2024, unless "the Court is advised that the U.S. Patent and Trademark Office has completed its review," the Court finds that Plaintiff's Status Report could hardly be considered "redundant, immaterial, impertinent, or scandalous" within the meaning of Rule 12(f), as it was directly responsive to that Order. (Doc. 48 at 4).

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Strike (Doc. 50) and Motion to Continue (Doc. 56) are **denied**.

**IT IS FURTHER ORDERED** that the stay on this case shall be **lifted**.

**IT IS FURTHER ORDERED** that the parties shall meet and confer regarding new deadlines modifying this Court's Rule 16 Case Management Order (Doc. 24). The parties shall submit their proposed modified deadlines to this Court no later than **Friday, December 27, 2024**.

Dated this 13th day of December, 2024.

Honorable Steven P. Logan
United States District Judge